

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma
_____ Division

Case No. 21-CV-186-JFH-JFJ
(to be filled in by the Clerk's Office)

Plaintiff(s): DeWayne Herndon Knighten

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Defendant(s): Tulsa County Sheriff Department, Sheriff Deputy Aaron Ramsey, Turn Key Health Services Provider, Sgt. B. Byrd - TCSO supervisor

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

**FILED**
APR 26 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

✓ Mail ___ No Cert Svc ___ No Orig Sign
___ C/J ___ C/MJ ___ C/Ret'd ✓ No Env
___ No Cpys ___ ___ ___ C/MJ

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: DeWayne Herndon Knighten
All other names by which you have been known: Herndon DeWayne Jones / Herndon DeWayne Barnes
ID Number: DLM#119755  DOC#547058
Current Institution: David L. Moss criminal justice center
Address: 300 N. Denver Ave
Tulsa, OK 74103
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Tulsa County Sheriff's Office
Job or Title (if known): Tulsa County Jail - David L. Moss Criminal Justice Center
Shield Number: N/A
Employer: State of Oklahoma
Address:
Tulsa, OK 74103
City / State / Zip Code
☐ Individual capacity   ☒ Official capacity

Defendant No. 2
Name: Tulsa County Sheriff Deputy Aaron Ramsey
Job or Title (if known): Deputy Sheriff
Shield Number: -Unknown-
Employer: Tulsa County Sheriff's Office
Address: 300 N. Denver Ave
Tulsa, OK 74103
City / State / Zip Code
☒ Individual capacity   ☒ Official capacity

Defendant No. 3
Name: Turnkey Medical Health Services Provider
Job or Title (if known): Medical health provider for David L. Moss
Shield Number: N/A
Employer: Tulsa County Sheriff office
Address: 300 N. Denver Ave
Tulsa, OK 74103
City / State / Zip Code

☐ Individual capacity  ☒ Official capacity

Defendant No. 4
Name: Sgt. B. Byrd
Job or Title (if known): Supervisor to Detention Staff and Jail Deputies
Shield Number: —Unavailable—
Employer: Tulsa County Sheriff's Office
Address: 300 N. Denver Ave,
Tulsa, OK 74103
City / State / Zip Code

☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

① The right to adequate access to health care. ② The right to be free from retaliation by Detention Staff.
③ The right to be free from physical abuse.
④ The right to be free from mental abuse.
⑤ The right to seek a criminal investigation against detention staff misconduct.
⑥ The right to seek criminal charges against detention staff misconduct.
⑦ The right to be safe and secure from misconduct by detention staff.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Sheriff Deputy Aaron Ramsey was assigned to transport me to a outside hospital for injuries I had and assulted me, causing further injuries.
Turn key Medical Health Services refused me medical treatment for injuries that occured prior to my arrest, when I was booked into Tulsa County Jail, unable to walk on my own violition.
Sgt. B. Byrd failed to adequately investigate my grievance for medical attention and assult on me by Deputy Aaron Ramsey, refusing to notify Internal Affairs within the Tulsa County Sheriff's office.
The Tulsa County Sheriff's office refuses to launch a criminal investigation for criminal misconduct by a deputy assigned to Tulsa County Jail to transport me to a outside medical provider, specifically, the Internal Affairs Division of the Tulsa County Sheriff's Office.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Before my arrest, I was involved in a accident in which I broke and fractured both ankles. I was unable to seek medical attention before my arrest. Once I was arrested, the arresting officer informed jail Deputies and detention staff of my injuries. The arresting officer was denied his request to take me to a hospital by Turn Key Medical Services staff, claiming I was faking my injuries, then refused to allow me the use of a wheel chair, despite the clear physical swelling and bruising of my legs, ankles, and feet.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

I was booked into jail with broken bones on 1-19-2020 and refused medical attention by turnkey health provider. On 2-7-2020 while being finally transported to the hospital by deputy Aaron Ramsey, he dumped me out of my wheelchair because I refused to walk to his squad car on my broken ankles while black-boxed and handcuffed with no leg support, causing more damage and in turn causing me more pain, beyond my original injuries.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Booked into Tulsa County Jail on 1-19-2020 1300 hrs AM / Assulted by Deputy Ramses on 2-7-2020 1200 hrs PM.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was refused medical attention I desparetly needed by turnkey Medical. Then on 2-7-2020, I was assaulted by deputy Aaron Ramsey being transported to the hospital for my injuries because we were arguing and he thought I was faking my injuries so he tried to force me to walk on my broken bones by dumping me out of my wheelchair in the parking garage at David L. Moss Criminal Justice Center.

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

After recieving an X-ray, full body cat-scan, and MRI, the results were that I had recieved more agitation to a crush injury I recieved. I was then brought back to David L. Moss and immediately administravely housed in medical until my body healed enough to be placed in general population again. The outside doctors at the hospital, recommended light physical therapy in the future, but was denied to me by Turnkey Medical Services, because it was deemed "non-life threatning."

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

$250,000 for the assault on an inmate by deputy sheriff Aaron Ramsey.
$200,000 for refusing medical treatment to me in booking by Turnkey Medical Services.
$100,000 for pain and suffering, agitating my injuries more, causing additional pain.
$100,000 for mental, psychological, anguish and torment.

Actual damages are $-0-, as Tulsa County Jail paid for my professional health services acquired outside the jail. All damages are punitive to prevent future illegal and Criminal misconduct by staff, detention officers, and sheriff deputies responsable for preserving inmate constitutional and civil rights, health, and well being.

Total Punitive Damages - $650,000

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

David L. Moss criminal justice center

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)? innapropiate use of force by staff
improper staff conduct
criminal activity by staff
unjust Denial of priveledges
Denial of access to adequate Health Care,

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance? On the electronic kiosk terminal provided on my assigned housing unit, minimally answered by supervisor Sgt. B. Byrd, without any relief granted in my favor and no investigation by Internal Affairs, sheriff detectives, or law enforcement officials. Effectivly, for the lack of a better term, to be "swept under the rug," in hopes that I would forget about it and go away.

2. What did you claim in your grievance? I was refused medical attention and assaulted by an officer of the Tulsa county sheriff dept., without provocation or the ability to defend myself, in fear of additional pain and medical injuries, as well as, the posibility and threat of added criminal charges against me.

3. What was the result, if any? Staff has not attempted to do anything or answer the grievances I filed, but openly admitted to the assault and lack of medical treatment I should have recieved. I have copies of it all, starting 10-29-2020 thru 12-14-2020, with respect to grievances I have filed. #21594503 (David L. Moss pod issue grievance)(responded by B.Byrd)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
I've tried to have the deputy brought on charges of assault and Battery with injuries, and have been ignored. I'm still being refused access and denied the name of the medical personel who recieved me in booking. Tulsa County Sheriff's Internal Affairs refuses to answer all my inquiries to date and my plea's for help from Oklahoma State Bureau of Investigations has been ignored.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I've contacted the head Medical nurse, Mrs. Hadden, trying to recieve the information about Medical I need, but all request have been denied. Supervisor Sgt. B. Byrd responded to My grievance telling Me that Mr. Ramsey was punished and I just wasn't notified, ignoring my request to file criminal Charges.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit

      Plaintiff(s) _____

      Defendant(s) _____

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      _____

   3. Docket or index number

      _____

   4. Name of Judge assigned to your case

      _____

   5. Approximate date of filing lawsuit

      _____

   6. Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-16-2021

Signature of Plaintiff: DeWayne Herndon Knighten
Printed Name of Plaintiff: DeWayne Herndon Knighten
Prison Identification #: DLM# 1119755  DOC# 547058
Prison Address: 300 N. Denver Ave
Tulsa, OK 74103

### B.  For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

Telephone Number:
E-mail Address:

FIRST-CLASS MAIL
US POSTAGE $002.20
04/23/2021
ZIP 74103
041L12205338

Dewayne Knighten #1119755
David L. Moss Criminal Justice Center
300 N. Denver Ave.
Tulsa, OK 74103

—Legal Mail—
Postage
Monee 4/28/21
u

RECEIVED
APR 26 2021
Mark McCartt Clerk
U.S. DISTRICT COURT

Mark McCartt - Clerk of the Court
United States District Court
Northern District of Oklahoma
333 W. Fourth Street
Tulsa, OK 74103

—Legal Mail—